A. Franklin Mahoney, J.
This is an application pursuant to CPLR 7503 (subd. [b]) for an order staying arbitration proceedings between Helen Allaire, as Administratrix of the estate of Lawrence Allaire, and Allstate Insurance Company. Such •an application by a party who has not participated in arbitration, in the absence of an action on an arbitrable issue, constitutes a special proceeding under CPLR 7502 (subd. [a]). However, before the court can proceed to the merits of the issue raised by the application, supporting affidavits and papers in opposition, it first must dispose of two procedural defects.
First, the administratrix of the Allaire estate, despite the allegations of the affidavit in opposition, never served “ a notice of intention to arbitrate ”, pursuant to the provisions of CPLR 7503 (subd. [c]). The “demand for arbitration” filed with Allstate on April 30, 1971 is an entirely different document and does not set in motion the statutory period of limitation provided for in CPLR 7503 (subd. [c]). A “notice of intention-to arbitrate ”, in addition to specifying the agreement, the name and address of the party serving the notice, must state that unless the party served applies to stay arbitration within 10 days after such service he shall thereafter be precluded from objecting to the validity of the agreement between the parties. Since the “ demand for arbitration” is void of such a caveat it fails to meet the requirements of CPLR 7503 (subd. [c]) and is impotent as an instrument tolling the limiting period of 10 days during which an application for a stay must be initiated (Matter of Liberty Mut. Ins. Co. v. Keane, 28 A D 2d 703). If the April 30 ‘ ‘ demand for arbitration ’ ’ qualified as a “ notice of intention to arbitrate ”, the application for a stay would have to be denied on procedural grounds, since the commencement of the stay proceedings was obviously beyond the 10-day limitation provided for in CPLR 7503 (subd. [c]). However, since the administratrix has not commenced an action, has not applied for an order to compel arbitration (CPLR 7503, subd. [a]), nor served a notice of intention to arbitrate, Allstate, since it has not participated in arbitration nor made or been served with an application to compel arbitration, may make *714 application for a stay without regard to the 10-day statutory limitation contained in CPLR 7503 (subd. [c]). The application, in this context, being properly before the court, consideration of the issue of a “ hit-and-run ’ ’ accident is mandated by the following facts:
On August 8, 1970 the administratrix’ intestate was operating a 1966 Volkswagen automobile, owned by Jack Fishman, in an easterly direction on Route 17 in the Township of Mamakating in Sullivan County, when it left the paved portion of the highway causing injuries resulting in death to Lawrence Allaire. Thereafter, the deceased’s fiduciary filed a claim with the Motor Vehicle Accident Indemnification Corporation pursuant to terms of an uninsured motorist indorsement attached to Allstate’s policy covering the Fishman vehicle. MVAIC refused to accept the claim, as there was a valid policy in effect on the automobile the deceased was operating with the consent of the insured owner. Claim was then commenced against Allstate based on an alleged ‘ ‘ hit-and-run ’ ’ accident.
It is ■ the contention of the applicant that only one vehicle was involved in the mishap and, further, that the claim that an unidentified vehicle caused, by physical contact, a hit-and-run accident, is a condition precedent rising to a question of fact that must be determined at trial before the matter can be arbitrated. The Allaire estate, relying on Matter of Smith, (Great Amer. Ins. Co.) (35 A D 2d 233) and MVAIC v. Eisenberg (18 N Y 2d 1), contends that the factual situation as sworn to by its hired investigator and witnesses of the incident leads inescapably to the conclusion there was 11 physical contact ’ ’ between the death car and another unknown vehicle, thereby foreclosing the necessity of fact finding by trial before arbitration.
In this connection it should be noted that witness Robert V. Foos, in his affidavit, stated that he was operating his vehicle easterly on Route 17 when the Fishman car passed him to his left. He observed the Fishman vehicle return to the easterly driving lane until it came nearly abreast of a gold Buick being operated easterly in the passing lane. Mr. Foos’ statement continues: ‘1 The gold car started to pull into the travelling lane, he was about 2 feet into the travelling lane, the red car began to swerve to the south shoulder. At this point he left the pavement and lost control. I was about 125 yards to the rear of these cars. From the action of the Volkswagen, he was either trying to avoid this accident or he had already been hit by the gold car. I didn’t see any contact between the two vehicles.” (Italics supplied.) The Allaire investigator also obtained the statements of Mr. and Mrs. Brophy who were also riding (Mrs. Brophy as *715 passenger) along Route 17 when the death car passed them on their right. A gold Buick was moving in front of the Brophy vehicle in the passing lane. It is the statement of the Brophys that the Buick started to drift into the traveling or driving lane and Mr. Brophy 1 ‘ heard a bang and then a squealing of tires, the bang was like two cars hitting,” and the Fishman car left the southerly edge of Route 17. Mrs. Brophy, while concurring in her husband’s statement, admits she did not see any actual contact between the Fishman vehicle and the gold Buick.
These statements and the contention of Allstate of the absence of any “ unknown vehicle ” must be weighed in light of the provisions of section 600 et seq. of the Insurance Law and the terms of the insurance contract between Fishman and Allstate. In hit-and-run cases, section 617 of the Insurance Law requires, as a condition precedent to arbitration, that the claimant establish an accident which “ arose out of physical contact of the motor vehicle causing such bodily injury with the insured or qualified person* or with a motor vehicle which the insured or qualified person was occupying at the time of the accident ”. Under the provisions of the uninsured motorist indorsement, the term hit-and-run is defined as “ an automobile which causes bodily injury to an insured arising out of physical contact of such automobile with the insured or with an automobile which the insured is occupying at the time of the accident, provided: (1) There cannot be ascertained the identity of either the operator or the owner of such hit-and-run automobile ”. Clearly, then, the issue of ‘ ‘ physical contact ” is a condition precedent to arbitration. Contact must be established beyond doubt, on undisputed facts, or facts that lead inexorably to only that conclusion, or by trial, before arbitration can begin. That contact need not be actual is evidenced by MVAIC v. Eisenberg (18 N Y 2d 1, supra) and Matter of Smith (Great Amer. Ins. Co.) (35 A D 2d 233, supra). In Eisenberg the Court of Appeals concedes that in most factual situations the absence of the required contact will preclude resort to arbitration. However, in the case before it the court found the factual situation to be indistinguishable from an actual contact situation. On this hypothesis it refused to insulate the insurer from arbitration where the unknown vehicle struck a third car forcing it into the insured automobile. In the Smith case a like result was reached when ice and snow from a truck became loosened and struck the insured car. In each of these cases, however, there was no dispute that actual contact occurred by forces set in motion by the unknown or hit- *716 and-run vehicle. Such is not the case herein. None of the three witnesses whose affidavits were supplied by Allaire said they saw any contact. The statement of the investigator, who interviewed these witnesses, recites that he made a physical inspection of the Fishman car and was unable to identify any point of impact and, further, found no gold paint on any of the surfaces of the Volkswagen. Next, Allstate categorically denies the existence of an unknown vehicle at the time and place of the accident. Certainly, if this factual conflict would be sufficient to deny summary judgment, it should also create a condition precedent under section 617 of the Insurance Law and the terms of the uninsured motorist indorsement. There is, therefore, in my view, a preliminary issue as to whether (1) an unknown vehicle was involved in the factual chain of events leading to the accident, and if so (2) whether there was ‘ ‘ physical contact” between such vehicle and the death car. To hold otherwise, the court would have to disregard absolutely the allegations of Allstate and find an unknown car did in fact cause the accident by physical contact. This, it seems to the court, would clearly subvert the purpose of section 617 of the Insurance Law, which purpose is protectively designed to guard against fraud and collusion.
The application to stay arbitration is granted. The preliminary factual issue of ‘ ‘ physical contact ’ ’ should be determined by trial before the matter can be sent to arbitration.

 There is no dispute .that the deceased is a qualified person.