*908 OPINION OF THE COURT
Edward H. Lehner, J.
Petitions numbered 59 on the calendar of December 12, 1981 (Index No. 22706/81) and 149 on the calendar of January 25, 1982 (Index No. 22704/81) are consolidated herein for disposition. Petitioner Allstate Insurance Company seeks to permanently stay the respondents from proceeding to arbitration pursuant to CPLR 7503 (subd [c]) on the ground that no arbitrable controversy exists.
FACTS
On November 27, 1980, respondents Lawrence Walsh, Eugene Tobin and William Temple, all of whom are New York residents, were passengers in an automobile owned by Betty Schachter (petitioner’s insured) and operated by Robert Schachter, her husband. Said automobile was allegedly cut off by an unknown vehicle on the Route 20 ramp leading to Route 3 in East Rutherford, New Jersey. While there was no physical contact between the cars, the Schachter vehicle was forced down an embankment causing injuries to the respondents.
Respondents instituted an action against Betty Schachter and Robert Schachter in Supreme Court, Kings County, for alleged injuries arising out of the aforesaid accident. The action was discontinued as respondents To-bin and Temple each accepted $19,500 in settlement of their claim and respondent Walsh accepted $11,000. The releases signed by the respondents reserved the right to bring a claim under the uninsured motorist provision of the insurance policy. Claims based on said provision have been asserted by the three respondents who have demanded arbitration.
ARGUMENT
Petitioner contends that the demanded arbitration should be permanently stayed on the ground that the accident was not a “hit and run” as defined by both the policy and section 617 of the Insurance Law which specify that insurance coverage shall only apply to “hit and run” accidents which involve physical contact. Since this incident did not involve physical contact, petitioner disclaims *909 coverage. In addition, petitioner disclaims coverage based upon the set-off provision of the policy.
Respondents argue that petitioner should be estopped from disclaiming liability as the disclaimer was untimely since it was given nine months after notification of their claim (citing Insurance Law, § 167, subd 8; American Security Ins. Co. v Goldstein, NYLJ, March 6, 1980, p 13, col 3). Further, respondents allege that physical contact is unnecessary to recover for a “hit and run” accident which occurred in New Jersey. In support of this contention, respondents maintain that subdivision 5 of section 672 of the Insurance Law mandates that New Jersey law be controlling with respect to its no-contact provision for “hit and run” accidents and its prohibition of setoffs in insurance contracts. (See Perez v American Banking Ins. Co. of Fla., 81 NJ 415, 419, “The pertinent statutes, N.J.S.A. 17:28-1.1 and N.J.S.A. 39:6-78 require coverage of the insured for bodily injury, etc., in all hit-and-run cases. No distinction is made between contact and noncontact accidents.”; McGhee v Charley’s Other Brother, 161 NJ Super 551, 556, “it is neither permissible for an insurer to reduce the amount of uninsured motorist coverage by monies paid under the other bodily liability provisions of the policy nor to reduce the amount of the bodily liability coverage afforded its insured by monies paid under the uninsured motorist endorsement.”)
ISSUES
The most interesting question presented by respondents is whether New Jersey law governs the “kind” of insurance coverage afforded respondents on the basis of subdivision 5 of section 672 of the Insurance Law. The other issue involved is whether petitioner’s disclaimer of liability was timely.
TIMELY NOTICE
Respondents claim that petitioner’s nine-month delay in disclaiming coverage is unreasonable under subdivision 8 of section 167 and therefore petitioner has waived the right to disclaim coverage. Said section states: “If under a liability policy delivered or issued for delivery in this state, an insurer shall disclaim liability or deny coverage for *910 * * * bodily injury arising out of a motor vehicle accident or any other type of accident occurring within this state, it shall give written notice as soon as is reasonably possible of such disclaimer of liability or denial of coverage to the insured and the injured person or any other claimant.”
Respondents rely on American Security Ins. Co. v Goldstein (supra) to support their contention that the delay was unreasonable. In that case the court held that a two- and one-half month delay in disclaiming coverage was unreasonable. However, the policy indorsements therein were vague and contradictory. Petitioner’s policy clearly excepts coverage for a “hit and run” accident in which no physical contact occurred. When the policy specifically excludes coverage in certain instances, then the doctrine of waiver is inapplicable thereto. (See Draper v Oswego County Fire Relief Assn., 190 NY 12 [court denied coverage where the insurance policy stated no coverage if loss resulted from “ ‘any open fire, built by the insured with his knowledge * * * within fifty feet’ ” of insured’s building]; Schiff Assoc, v Flack, 51 NY2d 692.)
Subdivision 8 of section 167 of the Insurance Law was not intended to create insurance coverage where none was contracted for. Moreover, it is hard to believe subdivision 8 of section 167 was intended to contradict section 617 of the Insurance Law and provide coverage for no-contact “hit and run” accidents. Section 617 provides: “The protection provided by this article shall not apply to any cause of action by an insured or qualified person arising out of a motor vehicle accident occurring in this state lying against a person or persons whose identity is unascertainable, unless the bodily injury to the insured or qualified person arose out of physical contact of the motor vehicle causing such bodily injury with the insured or qualified person or with a motor vehicle which the insured or qualified person was occupying at the time of accident. The word ‘occupying’ means in or upon entering into or alighting from.” Therefore, if there is no coverage provided for in the policy, none can be created under subdivision 8 of section 167. Subdivision 8 of section 167 was enacted to estop disclaimers of liability based upon a possible breach of the insurance contract. However, it does not purport to create an onus *911 upon an insurance company to disclaim coverage when the policy specifically precludes such coverage.
CHOICE OF LAW
Under New York law, respondents’ claim would be barred as the accident was not the result of physical contact. It is for this reason that respondents contend that New York law is inapplicable and New Jersey law controlling pursuant to subdivision 5 of section 672 of the Insurance Law.
Subdivision 5 of section 672 of the Insurance Law provides: “Every owner’s policy of liability insurance issued in satisfaction of articles six or eight of the vehicle and traffic law shall also provide, when a motor vehicle covered by such policy is used or operated in any other state or in any Canadian province, insurance coverage for such motor vehicle at least in the minimum amount required for such vehicle by the laws of such other state or Canadian province.”
Respondents theorize that subdivision 5 of section 672 “is not limited to the dollar amount of coverage but also includes the fact of coverage itself.” Respondents cite Country-Wide Ins. Co. v Rodriguez (80 AD2d 130), to support their position.
In Country-Wide, the issue involved was the amount of coverage on a New York automobile liability policy with respect to an accident which occurred in North Carolina. The Appellate Division held that subdivision 5 of section 672 required North Carolina’s minimum amount of $15,000 coverage be provided rather than the $10,000 minimum in New York. There is no language in CountryWide which substantiates respondents’ contention that subdivision 5 of section 672 applies to the “fact of coverage” itself. Subsequent to the submission of this motion, the Court of Appeals affirmed the holding in Country-Wide (55 NY2d 162). Similarly, the Court of Appeals limited its decision to requiring that the foreign State’s minimum liability coverage be provided.
Respondents next point to section 60.1 (e) of the Insurance Department Regulations (11 NYCRR 60.1 [e]) which states: “A provision that when a motor vehicle is used or *912 operated in any other State or Canadian province a policy currently in effect or hereafter issued shall provide at least the minimum amount and kind of coverage which is required in such cases under the laws of such other jurisdiction. Any policy not containing such provision shall nevertheless be deemed to provide such coverage. This provision is not intended to create a duplication of coverage or benefits to the extent that a New York insured carries additional coverages under any automobile or motor vehicle insurance policy or is covered under an automobile or motor vehicle policy of a resident of the jurisdiction wherein an injury occurs.” (Emphasis added.) The thrust of respondents’ argument is that not only must the foreign State’s minimum amount of coverage be provided but also the same kind of coverage afforded in the foreign State should be required. The court in Wierbinski v State Farm Mut. Auto. Ins. Co. (477 F Supp 659, 661), dealt with an out-of-State indorsement in an insurance contract which reads: “It is agreed that, subject to all the provisions of the policy except where modified herein, the following provision is added: If, under the provisions of the motor vehicle financial responsibility law or the motor vehicle compulsory insurance law or any similar law of any state or province, a non-resident is required to maintain insurance with respect to the operation or use of a motor vehicle in such state or province and such insurance requirements are greater than the insurance provided by the policy, the limits of the company’s liability and the kinds of coverage afforded by the policy shall be as set forth in such law, in lieu of the insurance otherwise provided by the policy, but only to the extent required by such law and only with respect to the operation or use of a motor vehicle in such state or province; provided that the insurance under this provision shall be reduced to the extent that there is other valid and collectible insurance under this or any other motor vehicle insurance policy. In no event shall any person be entitled to receive duplicate payments for the same elements of loss. (Emphasis added).” The plaintiff Steven Wierbinski was a New York resident who was seriously injured in a one-car accident while traveling in Erie, Pennsylvania. His insurance company paid him $51,000 which it claimed was'the limit of its *913 liability under the New York No-Fault Act. The insured claimed that he has already incurred medical and rehabilitative expenses far in excess of $51,000 and therefore is entitled to the basic loss benefits available to victims of automobile accidents under the Pennsylvania No-Fault Motor Vehicle Insurance Act. (Pa Stats Ann, tit 40, § 1009.101 et seq., provides for the payment of unlimited medical and rehabilitative benefits.) The District Court took notice of the phrase “kinds of coverage” but approached the issue by using a choice of law analysis. Ultimately, the court determined that Wierbinski is entitled to basic loss benefits under Pennsylvania law as Pennsylvania has the most significant contacts in that the accident occurred in the State, the insured was hospitalized and now resides there.
This court is of the opinion that both subdivision 5 of section 672 of the Insurance Law and section 60.1 (e) of the Insurance Department Regulations do not create substantive additional coverage for accidents which occur in a sister State. By substantive additional coverage, this court means that type of coverage which comprises the material elements of the insurance contract. For instance, all areas of coverage and valid disclaimers in the policy are material elements. The minimum amount of coverage does not denote what is covered but rather the extent of liability in terms of the dollar limitation. All of the cases cited by respondents deal with varying State minimum levels as to the amount of coverage required. In this instance, respondents seek to expand upon this concept by asserting that any “kind” of coverage afforded in a sister State should be ipso facto the controlling coverage if the accident occurred in that State and the coverage in that State is more comprehensive. This is not what was intended by the Legislature when it enacted subdivision 5 of section 672. Rather, the Legislature has endeavored to afford the same minimum amount of liability as would be imposed in a sister State if that State’s minimum is greater than New York’s.
From almost any vantage point, it makes little or no sense to apply New Jersey law herein. All of the residents are from New York. The car is registered in New York and *914 the policy was issued in New York. The only connection that New Jersey has is that the accident occurred there. It would be inequitable to now allow respondents such additional coverage when the insured did not contract and pay premiums toward a no-contact hit-and-run accident. Adoption of respondents’ position would not further the public policy of this State as the Legislature intended that contact be a prerequisite in such an accident. The reason for requiring contact is obvious. It is done to avoid fraudulent and uncorroborated allegations that the accident was, in fact, a hit and run. (Matter of Allaire [Allstate Ins. Co.], 67 Misc 2d 712.)
CONCLUSIONS
This court is not without sympathy for the injured respondents. However, New Jersey has insufficient contacts with this case to justify the imposition of New Jersey law. Furthermore, this court does not adopt respondents’ broad reading of subdivision 5 of section 672 of the Insurance Law. In light of the foregoing it is unnecessary to address petitioner’s argument with respect to setoffs.
Accordingly, petitioner’s application to permanently stay the respondents from proceeding to arbitration is granted.