**ALLSTATE INSURANCE CO., Plaintiff,**

v.

**Lena E. SIANO a/k/a Elvira Siano, individually and as Executrix of the Estate of Joseph Siano, deceased, Defendant.**

**No. 89 CV 1495.**

United States District Court,
E.D. New York.

Dec. 1, 1989.

Stroock, Stroock & Lavan by Brian M. Cogan, New York City, for plaintiff.

Zucker & Ballen, Michael D. Ballen, Brooklyn, N.Y., for defendant.

## MEMORANDUM OF DECISION AND ORDER

COSTANTINO, District Judge.

Plaintiff, Allstate Insurance Company commenced this Declaratory Judgment action claiming it is not obligated to provide defense or coverage to the Estate of Joseph Siano in connection with any litigation brought by defendant Lena E. Siano for injuries she sustained in an automobile accident which occurred on July 26, 1987. The parties have entered into a stipulated statement of facts pursuant to Local Rule 3(g). Plaintiff now moves this Court for summary judgment pursuant to Fed.R. Civ.P. 56. For the reasons to follow, plaintiff's motion is granted in all respects.

## I. FACTS:

The following is the stipulated facts agreed to by the parties:

1. Allstate issued an automobile insurance policy, number 043859337 (the "Policy"), with the effective date of March 21, 1987 to Joseph Siano (the "decedent"), the husband of defendant Lena E. Siano.

2. The Policy provides for $100,000 maximum liability coverage for bodily injury to one individual and $300,000 for bodily injury to three or more individuals.

3. The Policy covered an 1987 Oldsmobile owned by the decedent with vehicle identification number 1G3AJ51W3HG310986 (the "Vehicle"). The Vehicle, at all relevant times hereto, was registered in New York.

4. Decedent and defendant Lena E. Siano were at all relevant times residents of the State of New York.

5. The Policy was issued in and subject to the laws of the State of New York and did not expressly provide for coverage for spousal claims against the insured.

6. On July 26, 1987, the Vehicle was involved in a single car accident on the Garden State Parkway in New Jersey. Joseph Siano died as a result of the accident and Lena E. Siano, a passenger in the Vehicle at the time of the accident, allegedly suffered personal injuries.

7. The Policy was in effect at the time of the occurrence.

8. By letter dated December 8, 1988, and through other communications, attorneys for defendant have demanded payment from Allstate for injuries they allege were suffered by defendant in the accident.

## II. DISCUSSION:

New York Insurance Law § 3420(g) provides that unless specifically set forth in the insurance policy, the policy shall not be deemed to cover a claim by one spouse against the other:

No policy or contract shall be deemed to insure against any liability of an insured because of death of or injuries to his or her spouse or because of injury, or destruction of property of his or her spouse unless express provision relating specifically thereto is included in the policy. This exclusion shall apply only where the injured spouse, to be entitled to recover, must prove the culpable conduct of the insured spouse.

N.Y.Ins.Law, § 3420(g) (McKinney's 1985)

There is no dispute that the policy issued to the decedent did not expressly provide for coverage for spousal claims against the insured. Therefore, there is do dispute that had the accident occurred in New York, there clearly would be no coverage. Defendant contends that since the accident occurred in New Jersey that N.Y.Ins.Law § 5103(e) (McKinney 1985) requires incorporation of the provisions of the foreign states type of coverage, into the defendant's New York policy. N.Y.Ins.Law § 5103(e) provides as follows:

Every owner's policy of liability insurance issued in satisfaction of article six or eight of the vehicle and traffic law shall also provide, when a motor vehicle covered by such policy is used or operated in any other state or in any Canadian providence, insurance coverage for such motor vehicle at least in the minimum amount required by the laws of that state or province.

Similarly, the defendant relies on the New York Department of Insurance's regulatory implementation of § 5103(e), contained in Regulation 60.1(e) which provides:

> "An 'owner's policy of liability insurance' shall contain in substance the following minimum provision or provisions which are equally or more favorable to the insured and judgment creditors ... A provision that when a motor vehicle is used or operated in any other State or Canadian province a policy currently in effect or hereafter issued shall provide at least the minimum amount and kind of coverage which is required in such cases under the laws of such other jurisdiction. Any policy not containing such provision shall nevertheless be deemed to provide such coverage." (11 N.Y.C.R.R. § 60.1[e]).

Therefore, defendant claims since New Jersey law does not contain a counterpart to N.Y.Ins.Law § 3420(g) and permits interspousal claims that N.Y.Ins.Law § 5103(e) and Regulation 60.1(e) requires coverage in this case since the accident occurred in New Jersey. Defendant's reliance on § 5103(e) and 60.1(e) is misplaced.

In *Country Wide Insurance Company v. Rodriguez*, 55 N.Y.2d 162, 433 N.E.2d 118, 448 N.Y.S.2d 135 (1982), the plaintiff was the insurer of an automobile registered in New York which was involved in an accident in North Carolina resulting in injuries to a passenger. The liability limit under the policy was $10,000 (the minimum amount required by New York law.) Under North Carolina's compulsory statutory scheme, however, the minimum amount of required insurance was $15,000, any less coverage was a violation of North Carolina law. The issue presented to the Court was whether under § 5103(e) of the New York Insurance Law, North Carolina's $15,000 minimum insurance limit was to be incorporated into the New York policy.

The Court found that Country–Wide Insurance Company's obligation under the policy was "deemed to be" $15,000, the minimum liability limit under North Carolina law. In reaching the conclusion that North Carolina's insurance law must be incorporated into a New York policy, the Court focused on the fact that North Carolina law imposed *onerous* "penalties, sanctions* and *forfeitures",* on foreign drivers whose policies did not contain the minimum amount of coverage required by North Carolina. *Country–Wide* 448 N.Y. S.2d at 137, 433 N.E.2d at 120. (For example, non-resident drivers' operating privileges would be suspended if they drive in North Carolina without the minimum amount of insurance coverage). The very purpose of N.Y.Ins.L. § 5103(e), the Court recognized, was to protect New York drivers from the risks that they would unknowingly incur while driving in states with higher or different insurance requirements than New York. The Court held:

> It therefore would be unthinkable to assume that our legislators were not conscious of and concerned with the hazards of owners and other occupants of New York automobiles would face when they ventured into States (or Canadian provinces) whose laws specified different, and perhaps higher, minimum liability levels....

*Country–Wide*, 448 N.Y.S.2d 135 at 138, 433 N.E.2d 118 at 121.

In *Allstate Ins. Co. v. Walsh*, 99 A.D.2d 987, 472 N.Y.S.2d 867 (1st Dept.1984), *aff'g*, 115 Misc.2d 907, 454 N.Y.S.2d 774 (Sup.Ct. N.Y.Co.1982). The case involved an accident which was not the result of physical contact between two vehicles. The motor vehicle was registered in New York and the policy was issued in New York. The only connection to New Jersey was that the accident occurred there. The insured's policy and applicable New York Law, provided for coverage only to accidents involving physical contact between two vehicles. New Jersey law contained no such limitations.

In ruling for Allstate, and thus denying coverage, the Court held that both Insurance Law § 672(5) (now known as § 5103(e)) and the Insurance Department Regulations do not create substantive additional coverage for accidents which occur in a sister state. Instead, the Court held that the minimum amount of coverage which should be incorporated into a New York policy pursuant to § 5103(e) is the minimum coverage level necessary to avoid sanctions under the law of the foreign state.

Similarly, in *Allstate Insurance Company v. Goldstein,* No. 6093/84 (Sup.Ct.N.Y.Co. Jan. 17, 1985), the Supreme Court granted Allstate summary judgment in a declaratory judgment action under facts nearly identical to those in this case. In *Goldstein,* Allstate sought a declaration that it was not obligated to defend defendant Goldstein, a New York resident in an interspousal suit arising out of a motor vehicle accident in New Jersey. The Court granted summary judgment for Allstate on the ground that the New York policy did not provide coverage for interspousal suits and that New York law, rather than New Jersey law, applied.

Defendant contends that the case of *Allcity Ins. Co. v. Williams,* 120 A.D.2d 1, 506 N.Y.S.2d 974 (2d Dept.1986) which reaches a contrary decision to that in *Walsh* is controlling here.

*Williams* involved a motor vehicle accident in New Jersey. A claim was sought to be made under the New York policy, specifically under the Uninsured Motorist Indorsement. The facts of the accident indicated there was no contact between the covered car and the offending vehicle. Under New York law, you cannot pursue an uninsured motorist claim unless you can establish contact with an offending vehicle. This is not required under New Jersey law.

The Appellate Division Second Department held that under Insurance Law 5103(e) and regulations of the Superintendent of Insurance, the New York policy is deemed amended to afford the amount and "type" of coverage applicable under Jersey law and a suit was permitted in New York under the uninsured motorist provision.

Defendant claims that the theory behind the *Williams* case is identical to the case at bar. As stated in *Williams:*

"The real question is whether New Jersey insurance requirements must be read into the Williams policy. New York's Insurance Law Section 5103(e) directs that every required policy of automobile liability insurance provide benefits at least in the minimum amount prescribed by the law of any state in which the vehicle is operated. Supplementing the statutory language is a regulation of the Superintendent of Insurance which mandates that every such policy shall provide 'at least the minimum amount and kind of coverage which is required' for such vehicle in any other state and that any policy which does not include a provision to this effect shall be deemed to so provide (11 NYCRR 60.1[e]). The issue is whether these directives import into Williams' New York insurance policy the uninsured motorist coverage required of vehicles registered in New Jersey, thereby permitting him to recover under his policy regardless of physical contact. We believe they do."

*Williams,* 506 N.Y.S.2d at 975.

Despite the parties' contentions, this Court does not believe the decision in *Williams* to be in contradiction to that of *Walsh.* In reaching their decision, the Court in *Williams* held that since the New Jersey Supreme Court has held that the term automobile liability policy has but one meaning in the context of New Jersey's mandatory insurance scheme, and that is a policy which satisfies the minimum standards for a motor vehicle insurance policy issued in that state. (cite omitted). Uninsured motorist coverage is a required part of the New Jersey liability policy (N.J.Rev. Stat. 17:28–1.1, 39:6A–14) and is considered an integral part of New Jersey's mandatory insurance scheme (cite omitted). Therefore, if a New York vehicle must be covered by an "automobile liability policy" to shield its owner or driver from sanctions in the event of an accident in New Jersey, the uninsured motorist coverage in the New York policy must comply with New Jersey requirements.

The Court interprets the holdings in the above mentioned cases to be consistent with the fact that only upon a New York driver being subject to sanctions and penalties for not having sufficient coverage as required by the foreign state's regulations is § 5103(e) triggered. The situation in this case does not, in any way subject the defendant to possible sanctions or penalties because the policy in effect does not contain any provision for interspousal claims. While New Jersey implies coverage for interspousal claims in New Jersey policies,

there is no provision of New Jersey law requiring a provision in the policy so stating. New Jersey does not impose sanctions or penalties against out-of-state drivers whose automobile policy does not provide for interspousal coverage. This Court is of the opinion that both Ins.Law 5103(e) and Ins.Dept.Regulation 60.1(e) do not create substantial additional coverage for accidents which occur in a sister state. The contention of the defendant is that any kind of coverage afforded in a sister state should be *ipso facto* the controlling coverage if the accident occurs in that state and that state's coverage is more comprehensive than that of where the policy exists. This Court is of the opinion that adopting defendant's contention would violate the intent of the legislature when it enacted § 5103(e). It is apparent to this Court that the legislature intent behind § 5103(e) was to protect New York drivers from being faced with possible sanctions and penalties for failing to comply with the stricter requirements of the sister state.

### III. CONCLUSION

For the reasons articulated above, plaintiff's motion is granted in all respects.

SO ORDERED.