FIDELITY AND CASUALTY COMPANY OF NEW YORK, Respondent, *v.* HOWARD RUSSELL et al., Appellants. (Action No. 1.)

FIDELITY AND CASUALTY COMPANY OF NEW YORK, Respondent, *v.* R & R CAB CO., INC., et al., Appellants. (Action No. 2.)

Third Department, November 4, 1968.

*Becker, Card & Levy (Bruce O. Becker* and *Robert J. Smith* of counsel), for Howard Russell and others, appellants.

*Coughlin, Dermody & Guy (Robert J. Smith* of counsel), for Motor Vehicle Accident Indemnification Corporation, appellant.

*Kramer, Wales, Robinson & Stearns (Conrad E. Stearns* of counsel), for respondent.

HERLIHY, J. The plaintiff insurance company commenced the above-entitled actions for judgments declaring it was not obligated to pay or defend liability claims of the defendants Buza and Okrepki pursuant to an insurance policy issued by it to the R & R Cab Co., Inc. in December of 1962.

The relevant facts are as follows: The R & R Cab Co., Inc. is a corporation engaged in buying taxicabs and leasing them to the Russell Taxicab Co., Inc.; on January 1, 1964 an employee of Russell Taxicab while operating an insured vehicle of R & R was involved in an accident with defendant Buza; on October 1, 1965 a similar accident occurred involving defendant Okrepki; the R & R policy expressly excludes taxi operation unless the vehicle is operated by an employee of R & R; the plaintiff had signed and duly filed a certificate of insurance certifying that the policy issued to R & R complied with section 370 of the Vehicle and Traffic Law; the vehicles of R & R were specifically enumerated in the insurance policy, including the automobiles involved in the accidents in question, by year and model, identification or serial numbers; the employees of Russell Taxicab Co. at the time of the application for insurance were listed therein as persons who would operate the vehicles; a representative of the insurance company testified that the insured could substitute new employees as operators without notifying it of

such change; a fleet data report made for the insurance company on December 17, 1962 listed Mr. Russell as the owner of the business, and detailed the operation of the vehicles as taxicabs, and noted that the insurance company had carried this same risk in 1958 under the name of Russell Taxi or Russell Cab Co.; the investigator who made the fleet data report visited the garage premises at which place there was an advertising sign of Russell Taxi or Russell Cab; the insurance company caused the listed drivers to be thoroughly investigated; the insurance company insists that it had no actual knowledge of the relationship between R & R and Russell Taxicab Co. prior to the accidents referred to above and had assumed that the operators of the vehicles were the employees of R & R in regard to previous claims of injured persons.

From the wording of the policy and the facts and circumstances surrounding its issuance, it is established that the insurance company intended to insure the operation of the vehicles as taxicabs and R & R intended to secure coverage for such use. The business of R & R was stated to be the operation of taxicabs and the employees of Russell Taxicab Co. were listed as the employees of R & R.

While there is no doubt in the present record that the insurance company did not *consciously* intend to cover the operation of the vehicles as taxicabs by employees of someone other than R & R, nevertheless it is apparent that it did intend to cover the operation of the vehicles by persons who were not in fact employees of R & R. The policy was intended to cover the risk of taxicab operation and upon the present record, there is no doubt that R & R is legally responsible for the operation of the vehicles as taxicabs and pursuant to section 370 of the Vehicle and Traffic Law is required to provide evidence of financial responsibility for such operation.

I. As a matter of law, the filing of the certificate of insurance complying with section 370 of the Vehicle and Traffic Law prohibits the insurance company from denying financial responsibility to the general public and in particular to the Buzas and Okrepki and also requires that R & R as the specific insured be indemnified and defended against such claims.

Under the circumstances of this case, the fact that the drivers of the taxicabs were not the paid employees of R & R has not resulted in any increase in the risk of the insurance company. No matter what the business of R & R was actually, the policy insured R & R against the risk of taxicab operations and this is consistent with the legal liability imposed on R & R as owner and lessor of the vehicles pursuant to section 370 of the Vehicle

and Traffic Law. Upon the peculiar facts in this case, the business of R & R insured by the policy is the business of operating taxicabs and the said section 370 requires that those persons driving such vehicles in the business of the owner be protected thereby — accordingly, we find that upon the facts in this case, the drivers, Van Pelt and Beeman, are entitled to be indemnified and defended by the insurance company.

II. While it is clear that the insurance company has assumed obligations to those defendants who were injured, those driving the vehicle and the owner of the vehicle, its responsibility, if any, as to the lessee, Russell Taxicab Co., is not so easily determined.

Upon the facts in this case, it does not appear that Russell Taxicab Co. had any particular right to rely upon the certification of coverage, and the language of section 370 of the Vehicle and Traffic Law would appear to require lessees of vehicles for hire to provide financial security via insurance either as insureds under an owner's policy or by their own policy. It is doubtful that public policy alone would require that the policy inure to the benefit of Russell Taxicab Co.

However, the facts in the present case are no more to be ignored in regard to this defendant than as to the other defendants. While not entirely analogous, we find the present situation somewhat similar to a misnomer of the party applying for insurance. The insurance company prior to issuing the policy had sufficient notice that it had previously insured this same risk to Russell Taxicab Co. The experience used for rating and premium purposes was in fact the experience of the lessee, and the drivers investigated were in fact the employees of Russell Taxicab Co. There is no suggestion that the insurance company could have charged the same rate to both Russell Taxicab Co. and R & R and it appears that a previous insurance carrier on the risk simply assessed an additional percent of its premium upon learning of the relationship between R & R and Russell Taxicab Co. The record indicates that although R & R and Russell Taxicab Co. were separate corporate entities, they were merely procedural devices of Howard Russell in conducting his taxicab business and the insurance carrier was advised by one of its investigators prior to issuing the policy that the owner involved was " Mr. Russell ". Under such circumstances where Howard Russell was the alter ego of both entities, the artificial corporate distinction which separates ownership and operating functions should not be permitted to defeat the overall public policy as applied to a taxicab company, a business of carrying and transporting passengers for hire. It is also noteworthy that in testimony on behalf of the insurance company, it

was asserted that the company could not have refused the risk if it had been disclosed that R & R was only a lessor and that Russell Taxicab Co. was to be an additional insured as a lessee. Whether it was conscious of the fact or not, we find that the insurance company upon the facts in this case intended to insure the operational risks inherent in the use of the vehicles in the business of Russell Taxicab Co. and to the extent that its policy would exclude protection to Russell Taxicab Co., it is deemed that Russell Taxicab Co. is a named insured in the policy and accordingly, the employees of Russell Taxicab Co. are also covered as well as financial responsibility to persons injured by such employees while within this employment.

We do not find an insurance contract to be so sacrosanct that its literal language must be followed to the extent of excluding the very risk it factually intended to insure. It appears that the proper remedy of the company would be in regard to seeking its appropriate additional premium, if any, rather than an avoidance of risk.

Our decision herein is limited to the peculiar facts of this litigation and the corresponding rights and duties of the parties based on such facts.

The judgments appealed from should be reversed and judgments entered declaring that the respondent is liable under its policies of insurance to defend the claims of the Buzas and Okrepki and also to indemnify R & R Cab Co., Inc., Russell Taxicab Co., Inc., Richard C. Van Pelt and Amos W. Beeman from any losses as to such claims to the extent of the monetary limits of its said policies.

GIBSON, P. J., REYNOLDS, AULISI and GABRIELLI, JJ., concur.

Judgments reversed, on the law and the facts, with costs, and judgments directed declaring respondent liable under its policies of insurance to defend the claims of George and Stella Buza and Charles Okrepki and to indemnify R & R Cab Co., Inc., Russell Taxicab Co., Inc., Richard C. Van Pelt and Amos W. Beeman from any losses as to such claims to the extent of the monetary limits of its said policies.