OPINION OF THE COURT
Rudolph U. Johnson, J.
Plaintiff Ohio Casualty Insurance Company (Ohio Casualty), pursuant to CPLR 3001 and 3212, seeks an order of this court *453 declaring and determining the rights of the parties herein and granting summary judgment against the defendant, the Continental Insurance Company (Continental). Both defendants cross-move for similar relief.
The underlying facts are generally agreed upon.
On March 18, 1977, Mrs. Marie G. Clark, a Pennsylvania resident, was a passenger aboard a bus owned and operated by Inter-County Bus Lines, Inc., a Maryland corporation. The bus en route from Lancaster, Pennsylvania, to Kitchener, Ontario, overturned while traveling on Route 390 near Dansville, New York, causing serious physical injuries to Mrs. Clark.
Mrs. Clark was treated at Strong Memorial Hospital which is owned and operated by the defendant, University of Rochester. She incurred medical expenses in excess of $50,000 and assigned to Strong Memorial Hospital any rights she might have for indemnification from defendant Continental.
On the date of the accident, Mrs. Clark was a named insured of plaintiff Ohio Casualty under an automobile liability policy written in Pennsylvania. Incorporated into that policy, by operation of the Pennsylvania No-Fault Act (No-Fault Motor Vehicle Insurance Act, § 110; Pa Stat Ann, Insurance, § 1009.110), were unlimited medical payments, provided to a named insured for what have now come to be known as first-party benefits for basic economic losses.
In order that its no-fault act would be as comprehensive as possible, the Pennsylvania statute further provides that for vehicles in interstate travel: "(1) The basic loss benefits available to any victim or to any survivor of a deceased victim shall be determined pursuant to the provisions of the state no-fault plan for motor vehicle insurance in effect in the state of domicile of the victim on the date when the motor vehicle accident resulting in injury occurs. If there is no such state no-fault plan in effect or if the victim is not domiciled in any state, then basic loss benefits available to any victim shall be determined pursuant to the provisions of the state no-fault plan for motor vehicle insurance, if any, in effect in the state in which the accident resulting in injury occurs.” (Pa No-Fault Act, § 110, subd [c], par [1]; Pa Stat Ann, Insurance, § 1009.110, subd [c], par [1].)
Defendant Continental provides liability insurance coverage to Inter-County Bus Lines, Inc. under a policy issued in Maryland. However, as an affirmative defense and as argued herein, defendant Continental maintains that as a conse *454 quence of the coverage provided by the Pennsylvania No-Fault Act, Ohio Casualty is the primary obligor to pay first-party benefits and that Mrs. Clark and her assignee must, therefore, look to Ohio Casualty for payment of medical expenses.
Plaintiff Ohio Casualty and defendant University of Rochester on the other hand contend that, inasmuch as the accident occurred within New York State, the New York Comprehensive Automobile Insurance Reparations Act, as then in effect, is controlling.
Section 676 of the Insurance Law mandated: "Every insurer authorized to transact or transacting business in this state, or controlling or controlled by or under common control by or with an insurer authorized to transact or transacting business in this state, which sells a policy providing motor vehicle liability insurance coverage, or any similar coverage, in any state or Canadian province shall include in each such policy coverage to satisfy the financial security requirements of articles six or eight of the vehicle and traffic law and to provide for the payment of first party benefits pursuant to subdivision one of section six hundred seventy-two of this chapter when a motor vehicle covered by such policy is used or operated in this state, and every such policy shall be construed as if such coverage were embodied therein.”
Both Ohio Casualty’s and Continental’s policies contain language which relieves the carrier of the obligation to make payments to the extent that there is other valid and collectible insurance under any other vehicle insurance policy. Thus, plaintiff Ohio Casualty and defendant Continental respectively look to the other as the primary insurer of the first $50,000 of medical payments. Plaintiff Ohio Casualty has made payments to Strong Memorial Hospital for expenses in excess of $50,000.
This court is, therefore, asked to determine the extent of application of section 676 upon defendant Continental.
The Court of Appeals in Montgomery v Daniels (38 NY2d 41) has provided us with a synopsis of the many legislative studies and proceedings leading to the enactment of the New York no-fault law. A recognized purpose of this legislation was to reduce the cost of automobile liability insurance, as well as to provide a fair and speedy compensation for basic economic losses.
To insure, therefore, that the premium cost be spread across as many actual and potential users of this State’s highways and to relieve carriers’ concerns of having to include in their *455 rate schedules the risk of liability to nonresident users, the Legislature included section 676 in the no-fault statute. As the insurance coverage in this statute is designed to follow the vehicle rather than the injured party (see Insurance Law, § 672; Montgomery v Daniels, supra, at p 46; n 17, at p 63), section 676 clearly mandates that the requisite first-party benefits shall be included in any out-of-State policy and cover a motor vehicle being used or operated in this State. If no such provisions are included, then "every such policy shall be construed as if such coverage were embodied therein.”
The Legislature then, in order to preserve the integrity of its own scheme of no-fault insurance and to protect the interests of its own residents, we believe is pursuing a valid legislative objective and is reasonably exercising its police powers to obtain that objective, when it insists upon the payment of first-party benefits by a foreign insurance carrier. This mandate is irrespective of any insurance coverage otherwise available to the injured person. Therefore, for that period that a foreign vehicle is traveling in New York, the persons injured therein must look to the insurance policy covering that vehicle and the provisions imposed by operation of section 676.
This court is not unmindful of the present amendment to section 672 (subd 1, par [a]) of this statute which became effective subsequent to the accident herein, and which now provides that passengers within a commercial bus must initially look for coverage for first-party benefits to those insurance policies which provide coverage to any motor vehicle of their own households. However, so long as the original legislation addressed a valid public concern and was rationally related to that purpose, it is no less valid because the Legislature has subsequently adjusted its direction. As the court noted in Montgomery (38 NY2d 41, 62, supra): "in enacting reform, the Legislature is entitled to proceed 'one step at a time, addressing itself to the phase of the problem which seems most acute to the legislative mind’. (Williamson v Lee Opt. Co., 348 US 483, 489; Silver v Silver, 280 US 117, 123, supra.)”
Lastly, defendant Continental’s arguments, which challenge the mandate of section 676 as violative of constitutional protections of due process of law, full faith and credit and against impairment of contracts, have been previously addressed and were found to be without merit. (See Montgomery *456 v Daniels, supra; Watson v Employers Liab. Corp., 348 US 66; Merchant’s Liab. Co. v Smart, 267 US 126.)
Accordingly, defendant Continental’s motion is denied and plaintiff Ohio Casualty’s motion for a declaration of the rights of the parties herein is granted as set forth in this memorandum decision and defendant University of Rochester is granted summary judgment against defendant Continental in the sum of $50,000. Pursuant to section 675 of the Insurance Law, interest is also awarded through April 3, 1978 for $3,369.96 and further interest shall accrue at 2% per month from April 3, 1978 until entry of final judgment. Attorneys’ fees of $4,440 are awarded to the firm of Swan, Fitch & Pembroke as attorneys for defendant University of Rochester.