COUNTRY-WIDE INSURANCE COMPANY, Appellant, v NIEVES RODRIGUEZ, an Infant, by ROSA RODRIGUEZ, Her Mother and Natural Guardian, et al., Respondents.

First Department, April 9, 1981

### APPEARANCES OF COUNSEL

*Bernard Samuels* of counsel *(Eric M. Alderman* with him on the brief; *Pokorny, Schrenzel & Pokorny,* attorneys), for appellant.

*Seymour Berkowitz* of counsel *(Marilyn Singer* with him on the brief; *Weiss, Molod, Berkowitz & Godosky, P. C.,* attorneys), for Nieves Rodriguez, respondent.

### OPINION OF THE COURT

LUPIANO, J.

On August 15, 1977, defendant Nieves Rodriguez, an infant under the age of 14 years, was a passenger together

with his mother, defendant Rosa Rodriguez, in a motor vehicle owned and operated by defendant Louis Padilla. The vehicle was insured by plaintiff Country-Wide Insurance Company under a policy issued to Padilla which contained the *minimum* liability limits prescribed by subdivision 2-a of section 167 of the Insurance Law, to wit, $10,000/$20,000. The three defendants are residents of New York State. At this time (August 15, 1977) the vehicle was in transit in North Carolina on a round trip to Florida from New York when it collided with a vehicle owned and operated by a resident of North Carolina, one Paul Hill. Subsequent suit brought on behalf of the injured infant in this State resulted in a judgment for $100,000 against Padilla and Hill, apportioned 60% as against Padilla and 40% as against Hill (103 Misc 2d 906).

North Carolina at the time of this accident required residents and nonresidents to be insured for an amount not less than $15,000 in connection with any single injured claimant (see North Carolina Motor Vehicle Law, art 9A [entitled "Motor Vehicle Safety and Financial Responsibility Act of 1953"], § 20-279.1, subd [11]; §§ 20-279.5, 20-279.8, 20-279.20, 20-279.21). Thus, in North Carolina the minimum liability limits are $15,000/$30,000.

The key applicable New York statute is subdivision 5 of section 672 of the Insurance Law which provides in unambiguous terms, as follows: "Every owner's policy of liability insurance issued in satisfaction of articles six or eight of the vehicle and traffic law shall also provide, when a motor vehicle covered by such policy *is used or operated in any other state* or in any Canadian province, *insurance coverage* for such motor vehicle at least *in the minimum* amount *required* for such vehicle *by the laws of such other state* or Canadian province" (emphasis supplied). Section 311 of the Vehicle and Traffic Law entitled "Definitions" defines in subdivision 3 the term "proof of financial security" and defines in subdivision 4 the term "owner's policy of liability insurance". Section 311 is part of article 6 of the Vehicle and Traffic Law entitled "Motor Vehicle Financial Security Act". Accordingly, section 311 of the Vehicle and Traffic Law is interrelated with and subject to subdivision 5 of section 672 of the Insurance Law by

virtue of the clear language of the latter statute. By its mandatory language, subdivision 5 of section 672 of the Insurance Law, must be read into the policy of insurance at issue herein. It is well recognized that an insurance policy must be read to give effect to its plain and ordinary meaning and that, assuming ambiguity, such ambiguity must be read in a light most favorable to the insured.

The infant defendant demanded, having recovered the afore-mentioned judgment, that the minimum liability for damages of $15,000 set by North Carolina be the measure of the plaintiff insurer's liability under the policy it issued to Padilla rather than the policy limitation of $10,000, which was otherwise in accordance with New York requirements. Plaintiff insurer then instituted the instant action for declaratory judgment, seeking an adjudication that the limit of its liability is $10,000 rather than $15,000, and that in the event of an adverse determination, it have indemnity from the insured for the $5,000 difference because the terms of the policy appear to limit plaintiff's liability to $10,000.

No authority is presented to overcome the evident legislative intent that despite the host driver and the injured guest passenger being residents of New York State, when an accident occurs in a sister State or Canada if the sister State or Canada has a higher minimum (as in this case) then the higher minimum prevails. It appears to be the intention of the Legislature in subdivision 5 of section 672 of the Insurance Law to impose liability in all cases upon the carrier and not the insured for the higher out-of-State minimum. Plaintiff is deemed to have notice of said statute when it issued its policy to Padilla in 1977, three years after subdivision 5 of section 672 of the Insurance Law became effective.

In *Mindell v Travelers Ind. Co.* (46 AD2d 263, 266, affd 38 NY2d 815), a somewhat analogous situation to the instant matter, it was held that no statute was effective to vary the $10,000 liability provided by the policy because "subdivision 5 of section 672 of the Insurance Law of this State did not become effective until February 1, 1974 and

therefore did not vary the policy in question" as the accident (in *Mindell*) occurred on August 14, 1967. It is reasonably inferred, therefore, that if said statute was effective at the time of the accident in *Mindell*, a different result would ensue.

Insurance Department regulations in this State have been conformed to the statute. They now provide in 11 NYCRR Part 60 entitled "Minimum Provisions for Automobile Liability Insurance Policies", as follows: "Section 60.1 Mandatory provisions. An 'owner's policy of liability insurance' *shall contain* in substance the *following minimum provisions* or provisions which are *equally or more favorable to the insured* and judgment creditors * * * A provision that when a motor vehicle is used or operated in any other State or Canadian province a policy currently in effect or hereafter issued shall provide at least the minimum amount and kind of coverage which is required in such cases under the laws of such other jurisdiction. *Any policy not containing such provision shall nevertheless be deemed to provide such coverage.* This provision is not intended to create a duplication of coverage or benefits to the extent that a New York insured carries additional coverages under any automobile or motor vehicle insurance policy or is covered under an automobile or motor vehicle policy of a resident of the jurisdiction wherein an injury occurs" (11 NYCRR 60.1[e]; emphasis supplied).

Accordingly, under the circumstances herein the North Carolina minimum is applied, not by virtue of its own weight, but because New York State in enacting subdivision 5 of section 672 of the Insurance Law has chosen to adopt the North Carolina minimum. This conclusion is supported by the analysis of subdivision 5 of section 672 in *Wierbinski v State Farm Mut. Auto. Ins. Co.* (477 F Supp 659). In that case the Federal District Court rejected the contention that the New York statute (Insurance Law, § 672, subd 5) was intended to afford the increased protection of the higher out-of-State minimum only to out-of-State domiciliaries who may be injured by the New York policyholder. The District Court also avoided the ping pong effect of mirror statutes, i.e., where the sister State in which the

accident occurs has a statute similar to section 672 of New York's Insurance Law.*

The defect, as I see it, of Justice SILVERMAN'S construction of the North Carolina statute is that the victim(s) of the *first* accident in North Carolina involving the New York motor vehicle would not obtain the benefit of subdivision 5 of section 672 of New York's Insurance Law, but the victim(s) of any subsequent accident in North Carolina involving the New York motor vehicle would obtain such benefit. This "one free bite of the apple" approach ignores, it appears to me, the strong public policy underlying the relevant North Carolina statutes and our own Insurance Law (§ 672, subd 5). It is difficult to conceive a viable rationale for the States of North Carolina and New York carving out a fortuitous exception from those members of the public entitled to the protection of the motor vehicle financial responsibility laws, to wit, those members, if any, injured in the first accident involving the subject vehicle. My view of the North Carolina motor vehicle responsibility law is that it imposes a requirement on the nonresident of conforming to the minimum amount of insurance coverage mandated by the laws of North Carolina and that in the event of failure to conform (which failure is disclosed by an accident involving the nonresi-

---

* "Under the interpretation given to the mirror provision of § 672.1 in the Pennsylvania No-Fault Act, § 110(b), § 672.1 may be read to guarantee a New York domiciliary benefits *at least* up to the statutory maximums of the New York Act * * * The Pennsylvania law sets out the requirements for the minimum security to be carried by each vehicle operating within the Commonwealth in § 104 of the No-Fault Act which provides, in pertinent part, as follows: § 104. Required motor vehicle insurance (a) * * * *Security shall be provided for the payment of basic loss benefits.* . . . Basic loss benefits are 'benefits provided in accordance with this act for the net loss sustained by a victim, subject to any applicable limitations, exclusions, deductibles, waiting periods, disqualifications, or other terms and conditions provided or authorized in accordance with this act.' 40 P.S. § 1009.103. Defendant makes much of the phrase 'subject to any limitations, exclusions and conditions as otherwise provided in this act,' contending that § 110(c), the choice of law section constitutes such a limitation. By directing inquiry initially to the New York Act to determine coverage, defendant argues that all benefits to plaintiff are 'limited' to the ceilings of the New York law. Such an interpretation is inconsistent with our construction of § 672.5 of the New York Act and would result in an eternal ping pong volley between the laws of the two states" *(Wierbinski v State Farm Mut. Auto. Ins. Co., 477 F Supp 659, 661-662)*.

dent's vehicle) the privilege of the nonresident to operate a motor vehicle in the State of North Carolina will be revoked unless certain procedural steps are taken which insure such conformity. From this it may be reasonably inferred that North Carolina *ab initio* requires a nonresident to comply with the minimum amount of insurance coverage required for operation of a motor vehicle in that State.

Finally, pursuant to the Insurance Department regulations set forth above, the policy of insurance herein (which did not contain a provision that when the motor vehicle is operated in any other State or Canadian province insurance in at least the minimum amount required under the laws of such other jurisdiction be provided) is deemed to provide such coverage. Any ambiguity must be resolved in the manner most favorable to the insured (see *Wierbinski v State Farm Mut. Auto. Ins. Co., supra,* at p 662).

Accordingly, the order and judgment (one paper) of the Supreme Court, New York County (M. KLEIN, J.), entered May 5, 1980, which granted defendants' motion for summary judgment to dismiss the complaint and declared that plaintiff afford defendant Padilla insurance coverage in the sum of $15,000 under the policy issued by plaintiff to Padilla in connection with the judgment recovered by Nieves Rodriguez, an infant, and which denied plaintiff's cross motion for summary judgment, should be affirmed with costs and disbursements.

SILVERMAN, J. (dissenting). This is an action for a declaratory judgment by plaintiff, the liability insurer, to declare the limits of liability of the policy. Special Term has declared as to the claim here involved that plaintiff insurer afforded liability coverage in the sum of $15,000 (103 Misc 2d 906). Plaintiff appeals.

Defendant infant and her mother were passengers in a car insured by plaintiff that was involved in an accident in North Carolina in which the infant defendant was injured. Another car owned by a North Carolina resident was also involved in the accident. The infant defendant has recovered a judgment for $40,000 against the North Carolina car owner and $60,000 against the owner of the car in which she was a passenger and which was insured by plaintiff. There was apparently no recovery by the mother.

The insured under the policy, the owner operator of the car, as well as the passengers were all residents of New York and the car was registered in New York. They were on a trip to Florida.

The policy contained the usual New York minimum statutory limits of $10,000/$20,000. Subdivision 5 of section 672 of the New York Insurance Law provides: "5. Every owner's policy of liability insurance issued in satisfaction of articles six or eight of the vehicle and traffic law shall also provide, when a motor vehicle covered by such policy is used or operated in any other state or in any Canadian province, insurance coverage for such motor vehicle at least in the minimum amount required for such vehicle by the laws of such other state or Canadian province."

Thus the limit of liability of the policy as to this accident is $10,000 unless a larger amount is "required for such vehicle by the laws of" North Carolina. "Such vehicle" for present purposes may be defined as a car registered in New York, owned and operated by a resident of New York, used on a temporary trip through North Carolina, and involved in an accident in North Carolina.

Under North Carolina law, the statutory minimums in effect at the time of the accident at least for North Carolina cars were generally $15,000/$30,000 (North Carolina Gen Stats, §§ 20-309, 20-279.1, subd [11]).

Financial responsibility, which for present purposes means a liability insurance policy, is a prerequisite to *registration* of a motor vehicle in North Carolina (North Carolina Gen Stats, § 20-309). Registration of all motor vehicles "intended to be operated upon any highway of this State" (North Carolina) is required unless exempted by statute (North Carolina Gen Stats, § 20-50, subd [a]). Vehicles licensed or registered in another jurisdiction are exempt from the registration requirement where there is a reciprocity agreement to that effect with such other jurisdiction (North Carolina Gen Stats, § 20-4.4, subd [a]) or, in the absence of an agreement, where such other jurisdiction grants such exemption to vehicles properly registered in North Carolina (North Carolina Gen Stats, § 20-4.8). New York law exempts from its registration

requirement vehicles owned by nonresidents "provided that the owner * * * shall have complied with the provisions of the law of the * * * state *<sub/> * * of his residence relative to registration" (Vehicle and Traffic Law, § 250, subd 1). Since the vehicle insured by plaintiff was registered in New York, it was exempt from the general registration and financial responsibility requirements of North Carolina. North Carolina apparently does require proof of financial responsibility in the minimum amount of $15,000 from a vehicle owned and operated by a nonresident *after* such vehicle has been involved in an accident within the State resulting in bodily injury, death, or damage in excess of $200. (North Carolina Gen Stats, § 20-279.5.) But so far as appears, this vehicle had not previously been involved in a North Carolina accident. Our attention has not been called to, and our own research has failed to find, any provision of North Carolina law which at the time of the accident required coverage in the amount of $15,000 for the vehicle insured by plaintiff, i.e., a New York registered car on a temporary trip through North Carolina and not previously involved in an accident in that State.

Thus it cannot be said that $15,000 was "required for such vehicle by the laws of" North Carolina. (Insurance Law, § 672, subd 5.) Plaintiff is entitled to a declaration that the limit of its liability with respect to this accident is $10,000.

The order of the Supreme Court, New York County (M. B. KLEIN, J.), entered May 5, 1980, should be modified, on the law, without costs, to the extent of striking the first and third decretal paragraphs and substituting in the second decretal paragraph for the figure $15,000 the figure $10,000, and otherwise affirmed.

SULLIVAN, J. P., and BLOOM, J., concur with LUPIANO, J.; MARKEWICH, J. and SILVERMAN, J., dissent in an opinion by SILVERMAN, J.

Order and judgment (one paper) of the Supreme Court, New York County, entered on May 5, 1980, affirmed. Respondents Rodriguez shall recover of appellant $75 costs and disbursements of this appeal.