OPINION OF THE COURT
Richard D. Rosenbloom, J.
This application is brought by petitioner pursuant to CPLR 7503 and 2201 to stay arbitration requested by respondent under the New York Comprehensive Automobile Insurance Reparations Act (Insurance Law, art 18).
On May 28,1979, James Ward died as a result of injuries sustained in an automobile accident involving petitioner’s insured and another. Respondent administratrix seeks arbitration of her claim for three yéars of Mr. Ward’s loss of earnings. She contends that this is an item of “basic economic loss” to which she is entitled pursuant to section 671 (subd 1, par [b]) of the Insurance Law and that she has the option to arbitrate this dispute pursuant to subdivision 2 of section 675 of the Insurance Law. Petitioner notes that respondent has commenced an action at law for wrongful death and maintains that loss of earnings incurred on account of death is not an element of “basic economic loss”.
Subdivision 1 of section 671 of the Insurance Law contains the following definitions:
“ ‘Basic economic loss’ means * * *
*868 “(b) loss of earnings from work which the injured person would have performed had he not been injured, and reasonable and necessary expenses incurred by such person in obtaining services in lieu of those that he would have performed for income, up to one thousand dollars per month for not more than three years from the date of the accident causing the injury * * *
“‘Basic economic loss’ shall not include any loss incurred on account of death”.
The clear language of this statute expressly excludes loss of earnings on account of death. Although section 675 of the Insurance Law sets forth broad authority to submit disputes over payment of first-party benefits to arbitration, this court holds as a matter of law that respondent’s claim has been excepted from the applicable statute and that there is no dispute to be arbitrated.
Accordingly, petitioner’s application is granted and the arbitration requested by respondent is stayed.